UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VERONICA SANCHEZ,

                Plaintiff,

     - against -

THE CITY OF NEW YORK and "JOHN DOE" #1-4,

                Defendants
------------------------------------------------------------x

11CV6989(WHP)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by her attorney, Eugene M. Bellin, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Veronica Sanchez by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Veronica Sanchez is a citizen of the United States whose apartment at 1243 Webster Avenue, Bronx, New York, was forcibly entered searched and trashed by defendants "John Doe" #1-4, who were New York City police officers, on November 7, 2008, without a search warrant, resulting in the disappearance of cash and personal property from the plaintiff's apartment, The warrantless invasion of plaintiff Veronica Sanchez' home was the result of policies and practices adopted by defendant The City of New York (1) to forcibly enter and search residences without a search warrant, (2) to execute search warrants at the wrong premises, and (3) to seize property from residences entered without a search warrant. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Veronica Sanchez is a citizen of the United States who resides in the County of New York, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendants "John Doe" #1-4 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as a police officers.

9. At all times relevant herein, defendants "John Doe" #1-4 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

10. Plaintiff incorporates by reference paragraphs 1 through 9 of this complaint as though the same were set forth fully herein.

11. On November 7, 2008, plaintiff Veronica Sanchez resided in apartment 3C at 1243 Webster Avenue, Bronx, New York.

12. On November 7, 2008, defendants "John Doe" #1 - 3 forcibly entered plaintiff Veronica Sanchez' apartment at 1243 Webster Avenue, Bronx, New York.

13. The entry of defendants "John Doe" #1-4 into plaintiff Veronica Sanchez' residence was without the permission of plaintiff Veronica Sanchez.

14. On information and belief, upon forcibly entering plaintiff Veronica Sanchez' apartment, defendants "John Doe" #1-4 conducted a search of the plaintiff's apartment.

15. On information and belief, the entry into and search of plaintiff Veronica Sanchez' residence by defendants "John Doe" #1-4 were made without a warrant or other legal process authorizing such entry and search.

16. The plaintiff believes that defendants "John Doe" #1-4 were in possession of a search warrant for apartment 3D at 1243 Webster Avenue, Bronx, New York, but forcibly entered apartment 3C in error.

17. In the course of forcibly entering plaintiff Veronica Sanchez' apartment, defendants "John Doe" #1-4 removed the lock from the door to the apartment.

18. When defendants "John Doe" #1-4 left plaintiff Veronica Sanchez' apartment, they failed to secure the door to the apartment, with the result that anyone could enter the apartment.

19. Following the forcible entry into and search of plaintiff Veronica Sanchez' residence by defendants "John Doe" #1-4, the sum of $3,700.00 and various items of jewelry were missing from the plaintiff's residence.

20. On information and belief, defendants "John Doe" #1-4 seized the sum of $3,700.00 and various items of jewelry from plaintiff Veronica Sanchez' residence.

21. The disappearance of the sum of $3,700.00 and various items of jewelry from plaintiff Veronica Sanchez' residence was the result of the warrantless entry of defendants "John Doe" #1-4 into the plaintiff's residence.

22. On or about November 10, 2008, plaintiff Veronica Sanchez attempted to report the illegal entry of her home to police officers at the 44th Precinct, but police officers Miguel Sanchez (Shield No. 6174) and Joseph Lozada (Shield No. 30627) refused to take a report or to investigate the break-in.

## COUNT I

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though the same were set forth fully herein.

24. Defendants "John Doe" #1-4 were acting under color of state law when they forcibly entered plaintiff Veronica Sanchez's residence without a search warrant.

25. Defendants "John Doe" #1-4 were acting under color of state law when they searched the residence of plaintiff Veronica Sanchez without a search warrant.

26. Defendants "John Doe" #1-4 deprived plaintiff Veronica Sanchez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching plaintiff Veronica Sanchez's residence.

27. As a result of the forcible entry and search of plaintiff Veronica Sanchez' residence by defendants "John Doe" #1-4, plaintiff Veronica Sanchez sustained loss of funds and personal property which were removed from her residence.

## COUNT II

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though the same were set forth fully herein.

29. Defendants "John Doe" #1-4 were acting under color of state law when they seized money and items of personal property from the residence of plaintiff Veronica Sanchez without a warrant authorizing such seizure.

30. Defendants "John Doe" #1-4 deprived plaintiff Veronica Sanchez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and her right not to be deprived of her property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Veronica Sanchez's money and personal property.

## COUNT III

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though the same were set forth fully herein.

32. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of entering residences without search warrants, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

35. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of executing search warrants at the wrong premises, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

36. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of seizing property from residences entered without a search warrant in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

37. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the requirements for and limitations of search warrants consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the requirements for entry into a residence consistent with the Fourth Amendment of the Constitution of the United States;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution of search warrants;

(d) Defendant The City of New York failed properly to monitor forcible entries into residences to determine whether such entries were being made pursuant to valid search warrants consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed properly to monitor the execution of search warrants to determine that the warrants were being executed at the correct premises consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the Untied States;

(f) Defendant The City of New York failed to discipline police officers for forcibly entering residences without search warrants;

(g) Defendant The City of New York failed to discipline police officers for entering the wrong premises when executing search warrants;

(h) Defendant The City of New York failed to discipline police officers for seizing money and other items of personal property in residences entered without search warrants.

38. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

39. The forcible entry into and search of plaintiff Veronica Sanchez' residence, and the seizure of her money and personal property, resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for entry into a residence, the execution of search warrants, and the seizure of personal property.

40. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of police officers entering residences without search warrants.

41. Defendant the City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning police entry into the wrong premises when executing a search warrant.

42. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of seizing property from residences entered

without a search warrant.

43. Defendant The City of New York deprived plaintiff Veronica Sanchez of her rights to be free of unlawful searches and seizures and not to be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of forcibly entering residences without search warrants, of entering the wrong premises when executing a search warrant, and of seizing money and other personal property without a warrant.

## COUNT IV

44. Plaintiffs incorporate by reference paragraphs 1 through 43 of this Complaint as though the same were set forth fully herein.

45. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants "John Doe" #1-4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

46. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

47. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

48. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights

constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

49. The forcible entry into and search of plaintiff Veronica Sanchez' residence, and the seizure of her property. resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for entry into a residence and the requirements for execution of search warrants.

50. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Veronica Sanchez would be violated.

51. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Veronica Sanchez.

52. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

53. Defendant The City of New York deprived plaintiff Veronica Sanchez of her rights to be free of unlawful searches and seizures and not bo be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Dated: New York, New York
      November 5, 2011

EUGENE M. BELLIN

*Eugene M. Bell*

Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100